# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL H. S. BALDWIN, | CASE NO. 1:11-cv-00354-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| M. SANTILLAN, | (Doc. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

## I.  Procedural History

Gabriel H. S. Baldwin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983. On March 2, 2011, Plaintiff filed the complaint which is presently before this Court. Doc. 1.

## II.  Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
3       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in
5  support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467
6  U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v.*
7  *United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898
8  (9th Cir. 1986).  In determining whether to dismiss an action, the Court must accept as true the
9  allegations of the complaint in question, and construe the pleading in the light most favorable to the
10 plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421-22
11 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).
12
13 **III.    Plaintiff's Complaint**
14      Plaintiff is currently a state prisoner at the R. J. Donovan Correctional Facility (RJD) in San
15 Diego California.  The events central to Plaintiff's complaint occurred while he was a prisoner at
16 Kern Valley State Prison (KVSP) in Delano California.  Doc. 1.  In the complaint, Plaintiff names
17 the following defendants: 1) Renee Steadman (Correctional Officer at KVSP); 2) Benjarman
18 Aquinaldo (Correctional Officer at KVSP); 3) P. Truit (Correctional Officer at KVSP); 4) M.
19 Betzinger (Sergeant at KVSP); 5) R. Barrett (Sergeant at KVSP); 6) M. Hilderbrand (Sergeant at
20 KVSP); 7) R. Speidell (Lieutenant at KVSP); 8) M. Jefferys (Lieutenant at KVSP); 9) X. Cano
21 (Captain at KVSP); 10) R. Grissom (Associate Warden at KVSP); 11) Department of Corrections;
22 and 12) M. Santillan.  Doc. 1 at 1-2.  Plaintiff seeks injunctive relief in addition to monetary,
23 compensatory, and punitive damages.  Doc. 1 at 3.
24      Plaintiff alleges that he was accused of stealing a package and on January 12, 2010. Doc. 1
25 at 3, 8.  As a result of the theft accusation, Plaintiff was placed in the administrative segregation unit
26 (ASU) and his property was seized.  Doc. 1 at 3, 8.  On January 16, 2010, Plaintiff explained to
27 investigative officer J. Escutia that his grandparents' obituaries were trashed during the seizure of
28 his property.  Doc. 1 at 8.  On January 25, 2010, Plaintiff submitted a 602 grievance to Defendant

Betzinger which has not been answered. Doc. 1 at 3. Plaintiff submitted several other 602 grievances addressing his confiscated property to Defendant Betzinger. Doc. 1 at 3. On February 14, 2010, Plaintiff was found "not guilty" of the theft charges, however, Plaintiff's property was not returned. Doc. 1 at 3, 8.

While in ASU in March of 2010, Plaintiff received a letter from his mother explaining that the prison had sent home four boxes. Doc. 1 at 9. Plaintiff had explained to Defendants Santillan, Hilderbrand and Jefferys that Plaintiff was involved in court proceedings, however, Defendant Hilderband and Jefefrys ignored Plaintiff and mailed Plaintiff's belongings. Doc. 1 at 9. Plaintiff states that Defendants Aquinaldo, Steadman, Truitt, Betzinger and Barrett were all on second watch, however, Plaintiff does not explain how they were involved in the deprivation of his property. Doc. 1 at 9. Plaintiff argues that since Defendant Grissom has specifically told all staff to keep inmates out of the package room and that Defendants Truitt, Steadman, Betzinger, Barrett and Speidell ignored those orders, that gave other inmates an opportunity to steal the package which led to Plaintiff being blamed and losing his property over a false theft accusation. Doc. 1 at 10.

On July 22, 2010, Plaintiff received a denial for one of his grievances which requested $3,000 in damages for property. Doc. 1 at 3. On December 2, 2010, Plaintiff received a denial for another grievance regarding legal and personal property.

**IV.   Legal Standards and Analysis**

    **A.   Due Process**

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

1 postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides such a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Only an authorized, intentional deprivation of property is actionable under the Due Process Clause. *Hudson*, 468 U.S. at 533. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *See Logan*, 455 U.S. at 436; *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. *Hudson*, 468 U.S. at 533.

Plaintiff alleges that Defendants illegally and negligently destroyed some of his property in the process of confiscating and mailing his property to Plaintiff's family. Plaintiff's allegations of wrongful, retaliatory confiscation of his personal property does not support a claim. Unauthorized, bad-faith behavior does not support a federal due process claim. *Hudson*, 468 U.S. at 533. Plaintiff fails to state a § 1983 claim for deprivation of his property. Plaintiff alleges an unauthorized intentional or negligent deprivation of his property by a state employee. This is not a violation of the Due Process Clause of the Fourteenth Amendment because California provides a meaningful post-deprivation remedy for the loss. *Hudson*, 468 U.S. at 533; *Barnett*, 31 F.3d at 816-17.

**B.     Access to Courts**

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 348) (internal quotation marks omitted); *Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Lewis*,

4

518 U.S. at 351; *Phillips*, 588 F.3d at 655.

To the extent that Plaintiff's allegations relate to the interference with his legal materials, while Plaintiff has a constitutional right to access the courts, the interferences complained of by Plaintiff must have caused him to sustain an actual injury to his litigation. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

### C.   Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff lists twelve defendants: 1) Renee Steadman (Correctional Officer at KVSP); 2) Benjarman Aquinaldo (Correctional Officer at KVSP); 3) P. Truit (Correctional Officer at KVSP); 4) M. Betzinger (Sergeant at KVSP); 5) R. Barrett (Sergeant at KVSP); 6) M. Hilderbrand (Sergeant at KVSP); 7) R. Speidell (Lieutenant at KVSP); 8) M. Jefferys (Lieutenant at KVSP); 9) X. Cano (Captain at KVSP); 10) R. Grissom (Associate Warden at KVSP); 11) Department of Corrections; and 12) M. Santillan. However, Plaintiff fails to link every defendant to a specific act or omission which resulted in a constitutional violation. For example, although Plaintiff lists CDCR as a defendant, Plaintiff never explains how the CDCR is responsible for violating Plaintiff's constitutional rights.

Additionally, Plaintiff's argument that Defendant Grissom is liable since Defendant Grissom specifically told all staff to keep inmates out of the package room and his order was ignored, is too attenuated to demonstrate that he caused the deprivation of Plaintiff's property. Similarly, Plaintiff's argument that Defendants Truitt, Steadman, Betzinger, Barrett and Speidell are responsible for the deprivation of Plaintiff's property because their decision to ignore orders gave other inmates an opportunity to steal the package which led to Plaintiff being falsely accused is equally too attenuated to demonstrate that Defendants caused the deprivation of Plaintiff's property.

If Plaintiff chooses to amend, Plaintiff must link each named defendant to a specific action which directly caused the alleged constitutional violation.

### V.  Conclusions and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed March 2, 2011, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   September 24, 2012

UNITED STATES MAGISTRATE JUDGE